# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN HANCOCK LIFE )<br>INSURANCE COMPANY, (USA), )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>JAMES RUSSELL LAIR, and )<br>BETTY JANE GATEWOOD, )<br>as Co-Personal Representatives of the )<br>Estate of Karen Sue Stigleman, and as )<br>guardians of the property of Chelsea )<br>Morgan Stigleman, )<br>AARON MICHAEL (sic) STIGLEMAN, )<br>and )<br>CHELSEA MORGEN STIGLEMAN, )<br>)<br>    Defendants. ) | Case No. CIV-16-409-M |

## ORDER

On August 30, 2016, defendant Aaron M. Stigleman ("Stigleman") was served with the cross-claim.[1] *See* Return of Service [docket no. 26]. The time for Stigleman to answer or otherwise plead or move expired September 21, 2016. *See* Fed. R. Civ. P. 12(a)(1)(A). Stigleman has filed no entry of appearance, answer, request for extension of time, or any other motion. On September 29, 2016, Cross-Claimants filed their Application for Entry of Certificate of Default by the Clerk [docket no. 27].

Based on the above, the Court finds Stigleman is in default. If a court determines that a defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. 10A Charles Alan Wright, Arthur R. Miller & Mary

---

[1] On April 1, 2016, defendants and cross claimants James Russell Lair and Betty Jane Gatewood ("Cross-Claimants") filed a cross-claim against defendant Aaron M. Stigleman. *See* [docket no. 15].

Kay Kane, Federal Practice and Procedure § 2688, at 58-59 (3d ed. 1998). The Court, taking the factual allegations of Cross-Claimants' claim as true, finds that Cross-Claimants are entitled to judgment on their claim.

Cross-Claimants allege that, pursuant to the Oklahoma Slayer Statute, Okla. Stat. tit. 84, § 231, because Stigleman was convicted of murder in the second degree of his mother, decedent Karen Sue Stigleman ("Decedent"), he is unable to inherit under the Oklahoma intestate succession statute from her estate. As such, the Court finds that any and all interest in the Annuity, which is the subject of this suit, to which Stigleman may have been entitled under the Oklahoma intestate succession statute, is now required to be distributed to Cross-Claimants in their capacity as the Co-Guardians of defendant Chelsea Morgen Stigleman, a partially incapacitated person, pursuant to Okla. Stat. tit. 84, § 231, and as set out in the cross-claim.

Accordingly, the Court GRANTS Cross-Claimants' Motion for Default Judgment [docket no. 32], ORDERS that default judgment be entered against Stigleman forthwith, and ASSESS attorney fees in the amount of $4,100.50 and costs incurred of $109.67 against Stigleman and in favor of Cross-Claimants.

**IT IS SO ORDERED this 21st day of November, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE